```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

A.D.,

     Plaintiff,

v.                                    Case No: 2:22-cv-095-JES-NPM

CAVALIER MERGERSUB LP F/K/A
COREPOINT LODGING, INC.;
CPLG WELLESLEY PROPERTIES,
LLC F/K/A BRE/WELLESLEY
PROPERTIES, LLC; CPLG FL
PROPERTIES, LLC F/K/A LQ FL
PROPERTIES; LA QUINTA
HOLDINGS, INC.; LQ MANGEMENT
L.L.C.; LA QUINTA
FRANCHISING LLC; BONITA
SPRINGS HOTEL 1, LLC F/K/A
BONITA SPRINGS HOTEL, LLC;
WYNDHAM HOTESL & RESORTS,
INC; QUORUM HOTELS &
RESORTS, LTDL; CHOICE HOTELS
INTERNATIONAL, INC.; R&M
REAL ESTATE COMPANY,INC.;
TAMPA BAY HOTELS, LLC;
ROBERT VOCISANO AND MARIO
VOCISANO; BEST WESTERN
INTERNATIONAL, INC.; APEX
HOSPITALITY, LLLP; MARRIOTT
INTERNATIONAL, INC., CHMB
FLORIDA HOTEL MANAGER, LLC;
CHM NAPLES II HOTEL
PARTNERS, INC.; and HOLISTIC
HEALTH HEALING, INC.,

     Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's

Amended Complaint, Or In The Alternative, To Sever and Strike And Memorandum In Support (Doc. #39) filed on July 11, 2022. Plaintiff filed a Response in Opposition (Doc. #119) on August 19, 2022, to which defendant Replied (Doc. #149) on September 12, 2022. For the reasons that follow, the motion is granted in part.

## I.

Plaintiff A.D. alleges she was a victim of sex trafficking from February 2012 to August 2012 at various hotels in Hillsborough, Lee, and Collier Counties in Florida. (Doc. #6, ¶¶ 12, 18, 121.) The defendants in this case are the alleged hotel franchisors, owners, operators, and/or franchisees of the properties where the trafficking occurred (collectively "the Defendants"). (Id., ¶¶ 2-10, 19-39, 110-16.) One such defendant is Choice Hotels International, Inc. ("Choice"), who is alleged to do business as Quality Inn and Comfort Inn & Executive Suites, Comfort Suites at Fairgrounds Casino, and Quality Inn and Suites Golf Resort. (Id., ¶¶ 5, 114.)

The operative pleading before the Court is the First Amended Complaint ("FAC"), which asserts a single claim against each defendant for violation of the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595. (Doc. #6, p. 132.)

On July 11, 2022, Choice filed the motion to dismiss currently before the Court. (Doc. #39.) In the motion, Choice argues the

2

FAC should be dismissed because (1) it is a shotgun pleading, (2) Plaintiff pleads immaterial allegations that should be stricken since they have no bearing on this case, (3) Plaintiff fails to state a cause of action against Choice under the TVPRA, and (4) the defendants are improperly joined together in this matter. (Id., pp. 6-23.)  For the reasons set forth below, the Court dismisses the FAC without prejudice and with leave to amend.

## II.

### A. Irrelevant Allegations and Shotgun Pleading

The FAC contains multiple allegations regarding sex trafficking in general and its relationship with the hospitality industry, as well as general allegations about the Defendants' knowledge of sex trafficking's prevalence and the failure to prevent it.  (Doc. #6, ¶¶ 46-109.)  In its motion, Choice requests the Court to strike allegations found in Paragraphs 38 through 100 and 105(p) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, describing the allegations as "salacious," "impertinent," and "meant merely to enflame emotion."  (Doc. #39, p. 23.)

Pursuant to Rule 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D.

3

Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (marks and citation omitted). It is not intended to "procure the dismissal of all or part of a complaint." Id. A motion to strike is a drastic remedy and is disfavored by the courts. Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

The Court agrees that those allegations regarding sex trafficking in general and its relationship with the hospitality industry should be stricken as irrelevant. See Doe v. Red Roof Inns, Inc., Case No. 1:19-cv-03840-WMR, 2020 WL 18723352020 U.S. Dist. LEXIS 67139, at *15 (N.D. Ga. Apr. 13, 2020) ("Plaintiff's current Amended Complaint contains redundant, immaterial, impertinent or scandalous matter including 'puffing' about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues in this case and could serve to prejudice Defendants and confuse the facts at issue." (citation omitted)). Accordingly, Plaintiff is directed to remove these allegations

4

from any amended or additional pleading.[1] Lisicki v. Lee Mem'l Health Sys., Case No: 2:19-cv-648-FtM-29MRM, 2019 U.S. Dist. LEXIS 195503, 2019 WL 5887176, *1 (M.D. Fla. Nov. 12, 2019) (striking various allegations as immaterial).

Choice also argues that the FAC should be dismissed as an impermissible shotgun pleading. (Doc. #39, p. 8.) Specifically, Choice argues that the FAC (1) alleges conclusory, vague and immaterial facts about sex trafficking and the hospitality industry's failure to stop it, (2) asserts a claim against multiple Defendants without specifying which of the Defendants is responsible for which acts, and (3) merely reiterates the elements of the claims without alleging specific facts or circumstances that give rise to Choice's liability. (Id.) Plaintiff responds that the FAC is not a shotgun pleading because her claim involves a single count — violation of the TVPRA – and all Defendants are responsible for the alleged conduct and any resulting injuries to A.D. (Doc. #119, pp. 22-23.)

Shotgun pleadings violate Rule 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach

---

[1] The Court finds the allegations regarding defendants' knowledge of the prevalence of sex trafficking and the failure to prevent it are relevant to Plaintiff's claims, and these paragraphs are not stricken.

Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).[2] The Eleventh Circuit has little tolerance for shotgun pleadings. See generally Jackson v. Bank of Am., 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); see also Cramer v. Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket."). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320.

---

[2] In Weiland, the Eleventh Circuit identified "four rough types or categories" of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of realleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1321-23.

The Court agrees that portions of the FAC constitute an improper shotgun pleading since it contains immaterial allegations (Doc. #6, ¶¶ 46-109), and at times commingles factual allegations against all Defendants and fails to specify which of the defendants are responsible for which acts or omissions. (Id., ¶¶ 10, 12, 83-84, 105-110, 233-244, 246.)  The Court therefore finds that dismissal of the FAC without prejudice is appropriate.[3]  As will be discussed below, Plaintiff will be granted to leave to file a new complaint against defendant Choice if she chooses to do so (and separate complaints against other defendants).

**B. Improper Joinder**

In its motion, Choice suggests that Plaintiff "has misjoined her claims against twenty Defendants in a single suit [sic] should be severed pursuant to Fed. R. Civ. P. 21" and that "the joinder will result in overcomplicated, inefficient trial of the important issues herein."  (Doc. #39, p. 23.)  In Response, Plaintiff argues that Federal Rule of Civil Procedure 20 warrants joining the Defendants in one action since a "logical relationship" exists between the Defendants sufficient to show that Plaintiff's TVPRA claim arises from the same sex trafficking occurrence along with common questions of law and fact. (Doc. #119, pp. 31-34.)

---

[3] Because the Court finds that the FAC is a shotgun pleading, it does not address whether Plaintiff's TVPRA claim succeeds on the merits.

7

Plaintiff asserts it would be logically impossible to sever the claims against all the Defendants due to her indivisible injuries resulting from repeated victimization and trafficking at Defendants' hotels. (Id., pp. 34-35.)

Pursuant to Federal Rule of Civil Procedure 20, Defendants may be joined in one action if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); see also Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 839 (11th Cir. 2017) (stating Rule 20's requirements). While the misjoinder of parties is normally not a ground for dismissing an action, broad discretion is granted to district courts to, "at anytime, on just terms, add or drop a party." Fed. R. Civ. P. 21. Claims may also be severed. Id.

Although joinder is "strongly encouraged" and the rules are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties," United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966), district courts enjoy equally broad discretion to sever parties based on misjoinder. See Est. of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1367 (11th Cir. 2010) (A district court enjoys

8

"considerable discretion" in determining whether to sever under Rule 21); see also Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) ("The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.").

The Court agrees that the current joinder of parties is inappropriate, and that the requested severance is appropriate. The Court is not convinced that Plaintiff can properly join all defendants in her complaint. See S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1258-59 (M.D. Fla. 2020) (finding that the joinder of parties was inappropriate because it was not clear that a single plaintiff could properly join all defendants, or that all defendants could be in a single action). As discussed above, Rule 20(a) permits joinder of claims arising out of "the same transaction or occurrence, or series of transactions or occurrences." In determining whether claims arise from the same series of transactions or occurrences, the logical relationship test is applied. See Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Id. (citing Republic Health, 755 F.2d at 1455). In other words, "there

9

is a logical relationship when 'the same operative facts serve as the basis of both claims.'" Republic Health, 755 F.2d at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).

Plaintiff argues that her TVPRA claim arises from the same sex trafficking occurrence at Defendants' hotels by sex traffickers S.L. and N.M. between February 2012 and August 2012. (Doc. #119, pp. 31-32.) This contention ignores the individualized nature of Plaintiff's claim as well as the practical difficulties arising from Plaintiff's attempt at joinder. Plaintiff's claim involves conduct by "different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods." In re Hotel Indus. Sex Trafficking Litig., 433 F. Supp. 3d 1353, 1356 (U.S. Jud. Pan. Mult. Lit. 2020). Thus, while Plaintiff's TVPRA claim against each defendant may raise similar legal issues, they are not logically related because they do not arise from common operative facts. Rather, the sex trafficking that occurred at each defendant hotel's property was a separate "transaction" or "occurrence." See Golden Scorpio Corp. v. Steel Horse Bar & Grill, , 1285 (D. Ariz. 2009) ("A finding of a common question of law or fact does not necessarily mean that claims against the various defendants arise from a common transaction or occurrence."). Each defendant's

10

knowledge of trafficking, or what they did or failed to do giving rise to a claim for relief does not overlap between defendants.

The absence of concerted activity is also fatal to Plaintiff's attempt at joinder. See Spaeth v. Michigan State University College of Law, 845 F.Supp.2d 48, 53 (D. D.C. 2012) ("[plaintiff] cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; some allegation of concerted action between defendants is required."). Plaintiff alleges that the "hospitality industry" is complicit to human trafficking, and that not one of the hotel defendants admits that such trafficking is a problem in their business or at their locations. (Doc. #6, ¶¶ 81, 83.) Plaintiff includes allegations about how the hotel industry generally participates in the sex trafficking industry, and how the Defendants, as "hotel brands," control the hotel industry. (Id., ¶¶ 46-109.) These allegations, however, do not provide sufficient factual support showing that Defendants engaged in any concerted activity with respect to A.D.'s sex trafficking.

Even if joinder was technically appropriate under Rule 20(a), considerations of judicial economy, case management, prejudice to parties, and fundamental fairness dictate that Plaintiff's claims be severed under Rule 21. The fact-specific nature of the claims and defenses that have been or will be raised by the parties, precludes any conclusion that judicial economy would be served by joinder. The FAC brings a claim against each defendant under the

11

TVPRA, which requires consideration of whether each defendant knew or should have known that Plaintiff was being trafficked, and whether each defendant participated in a sex trafficking venture and knowingly benefited from such conduct. It is inevitable that the factual circumstances giving rise to the Plaintiff's claim against each defendant will vary (e.g., the different ventures, hotel owners and employees, locations, witnesses and time periods, and the knowledge of each defendant)—and resolution of Plaintiff's claim against each defendant will require an individualized inquiry. When, as here, judicial economy is not served by joining claims, severance is appropriate. See U.S. v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982) ("[T]he district court acted well within its discretion in denying joinder ... pursuant to Fed. R. Civ. P. 20(a). The district judge appropriately considered that joinder would not serve the interests of judicial economy . . . .").

Severance will make these cases more manageable and reduce the risk of prejudice by separating each claim as to each defendant. Fundamental fairness also weighs in favor of severance as the Court would otherwise have to consider all of the alleged trafficking occurring at every hotel to be the same as to each defendant. The Court therefore grants Choice's motion as to severance.

Given that severance of the claim against Defendants is warranted and the FAC is a shotgun pleading, the Court will dismiss the FAC with leave to file a new complaint(s). See <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1296 (11th Cir. 2018)("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.") Plaintiff may file a new complaint against Choice without the paragraphs the Court has stricken.[4]

Accordingly, it is now

**ORDERED**:

1. Defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative, To Sever and Strike and Memorandum in Support (Doc. #39) is **GRANTED** to the extent set forth above.

2. The First Amended Complaint is **DISMISSED without prejudice**. Within **TWENTY-ONE (21) DAYS** of this Opinion and Order, Plaintiff may file a second amended complaint against Choice, setting forth her claim(s) against Choice.

---

[4] The Court, by separate Order, will address the remaining motions to dismiss by the other defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of September, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record