UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A.D.,

    Plaintiff,

v.                                    Case No: 2:22-cv-095-JES-NPM

CAVALIER MERGERSUB LP F/K/A
COREPOINT LODGING, INC.;
CPLG WELLESLEY PROPERTIES,
LLC F/K/A BRE/WELLESLEY
PROPERTIES, LLC; CPLG FL
PROPERTIES, LLC F/K/A LQ FL
PROPERTIES; LA QUINTA
HOLDINGS, INC.; LQ MANGEMENT
L.L.C.; LA QUINTA
FRANCHISING LLC; BONITA
SPRINGS HOTEL 1, LLC F/K/A
BONITA SPRINGS HOTEL, LLC;
WYNDHAM HOTESL & RESORTS,
INC; QUORUM HOTELS &
RESORTS, LTDL; CHOICE HOTELS
INTERNATIONAL, INC.; R&M
REAL ESTATE COMPANY,INC.;
TAMPA BAY HOTELS, LLC;
ROBERT VOCISANO AND MARIO
VOCISANO; BEST WESTERN
INTERNATIONAL, INC.; APEX
HOSPITALITY, LLLP; MARRIOTT
INTERNATIONAL, INC., CHMB
FLORIDA HOTEL MANAGER, LLC;
CHM NAPLES II HOTEL
PARTNERS, INC.; and HOLISTIC
HEALTH HEALING, INC.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants (1) Quorum Hotels & Resorts, LTD's Motion to Dismiss (Doc. #12)

filed on June 6, 2022; (2) Apex Hospitality, LLLP's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #31) filed on June 28, 2022; (3) CHMB Florida Hotel Manager, LLC and CHM Naples II Hotel Partners Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, or In The Alternative, to Sever and Strike and Memorandum In Support (Doc. #49) filed on July 15, 2022; (4) Bonita Springs Hotel 1, LLC F/K/A Bonita Springs Hotel, LLC's Motion to Dismiss or Motion For a More Definite Statement, Motion to Strike, Motion to Sever, and Memorandum of Law in Support Thereof (Doc. #51) filed on July 15, 2022; (5) Holistic Health Healing, Inc.'s Motion to Dismiss or Motion For a More Definite Statement, Motion to Strike, Motion to Sever, and Memorandum of Law in Support Thereof (Doc. #52) filed on July 15, 2022; (6) Marriot International, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law (Doc. #58) filed on July 15, 2022; (7) Best Western International, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, or In The Alternative, to Strike and Memorandum in Support (Doc. #66) filed on July 18, 2022); (8) R&M Real Estate Company, Inc., Robert Vocisano and Mario Vocisano's Motion to Dismiss Plaintiff's Amended Complaint or, In The Alternative, to Sever and Strike, and Incorporated Memorandum of Law (Doc. #73) filed on July 18, 2022; (9) Wyndham Hotels & Resorts, Inc., LaQuinta Holdings, Inc., LQ Management L.L.C., La Quinta Franchising LLC, Cavalier Mergersub LP, CPLG Wellesley

Properties, and CPLS FL Properties, LLC's Motion to Dismiss (Doc. #87) filed on July 25, 2022; and (10) Tampa Bay Hotels, LLC's Motion to Dismiss Plaintiff's First Amended Complaint, or In The Alternative, Motion to Strike, and Incorporated Memorandum of Law (Doc. #108) filed on August 10, 2022.  Plaintiff filed Responses in Opposition (Docs. ## 92, 119) on July 27, 2022 and August 19, 2022. Several defendants Replied (Docs. ##147, 148) on September 12, 2022.

On September 20, 2022, the Court issued an Opinion and Order (Doc. #157), dismissing without prejudice plaintiff A.D.'s First Amended Complaint (FAC) as a shotgun pleading.[1]  The Court also found that the FAC contained immaterial and impertinent allegations regarding sex trafficking in general and its relationship with the hospitality industry that should be stricken as irrelevant. (Id., p. 4.)  Finally, the Court determined that joinder of the defendants was inappropriate in light of Plaintiff's TVPRA claim, and that severance of Plaintiff's claim against each defendant was warranted.  (Id., pp. 8-13.)  The Court granted

---

[1] The Court did not reach a decision on the merits as to Plaintiff's single claim against each defendant for violation of the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595. (Doc. #6, p. 132.)

Plaintiff leave to file to file a new Complaint against Choice. (Id., p. 13.)

In light of the foregoing, the remaining pending motions to dismiss the First Amended Complaint (Docs. ##31, 49, 51, 52, 58, 66, 73, 87, and 108) are **GRANTED** to the same extent.[2] Plaintiff, if she so chooses, may file new separate complaints against one or more of the defendants without the allegations that have been stricken pursuant to the prior Opinion and Order.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Docs. ##31, 49, 51, 52, 58, 66, 73, 87, and 108) are **GRANTED.**

2. Defendant Quorum Hotels & Resorts, LTD's Motion to Dismiss (Doc. #12) is **DENIED as moot.**

3. Within **TWENTY-ONE (21) DAYS** of this Opinion and Order, Plaintiff may file new complaint(s) in a new case(s) against the other defendants, setting forth her claim(s) against each defendant in separate cases.

---

[2] Defendant Quorum Hotels & Resorts, LTD argues that Plaintiff's TVPRA claim should be dismissed as to Quorum because the claim is untimely due to Quorum's status as a "terminated filing entry" under the Texas Business Organization Code. (Doc. #12, p. 3.) In light of the FAC being dismissed without prejudice (see Doc. #157), Quorum's motion is **denied as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of September, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record