```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

A.D.,

    Plaintiff,

v.                              Case No: 2:22-cv-095-JES-NPM

CAVALIER MERGERSUB LP F/K/A
COREPOINT LODGING, INC.;
CPLG WELLESLEY PROPERTIES,
LLC F/K/A BRE/WELLESLEY
PROPERTIES, LLC; CPLG FL
PROPERTIES, LLC F/K/A LQ FL
PROPERTIES; LA QUINTA
HOLDINGS, INC.; LQ MANGEMENT
L.L.C.; LA QUINTA
FRANCHISING LLC; BONITA
SPRINGS HOTEL 1, LLC F/K/A
BONITA SPRINGS HOTEL, LLC;
WYNDHAM HOTESL & RESORTS,
INC; QUORUM HOTELS &
RESORTS, LTDL; CHOICE HOTELS
INTERNATIONAL, INC.; R&M
REAL ESTATE COMPANY,INC.;
TAMPA BAY HOTELS, LLC;
ROBERT VOCISANO AND MARIO
VOCISANO; BEST WESTERN
INTERNATIONAL, INC.; APEX
HOSPITALITY, LLLP; MARRIOTT
INTERNATIONAL, INC., CHMB
FLORIDA HOTEL MANAGER, LLC;
CHM NAPLES II HOTEL
PARTNERS, INC.; and HOLISTIC
HEALTH HEALING, INC.,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's Motion For Leave To Proceed In Pseudonym (Doc. #35) filed on July

1, 2022. Defendants filed Responses[1] (Docs. ##57, 96, 98, 99, 100, 101, 102, 103), some of which do not oppose Plaintiff's request to proceed pseudonymously through pretrial public filings, while others do object. Accordingly, the Court treats Plaintiff's motion as opposed.

## I.

Plaintiff alleges that she was a college student when she became a victim of sex trafficking at multiple hotels in central and southwest Florida, where she was repeatedly sold and exploited for commercial sex through force, fraud, and coercion by her sex trafficker(s) between February 2012 and August 2012. (Doc. #6, ¶¶ 18, 117-121.) During this time, Plaintiff was subjected to repeated rape, physical and verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment at defendants' hotel properties. (Id., ¶ 121.) Plaintiff has brought this action against numerous defendant hotels in connection with her alleged trafficking and seeks to hold the defendants liable under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). (See id., ¶ 16.)

---

[1] On September 9, 2022, several of the defendants filed Supplemental Responses (Docs. ##138, 139) to Plaintiff's Motion to Proceed in Pseudonym in accordance with the Court's Minute Entry dated August 31, 2022. (Doc. #136). Likewise, Plaintiff filed a Supplemental Motion For Leave to Proceed in Pseudonym on the same day. (Doc. #146.)

Plaintiff argues that she initiated this suit under the pseudonym "A.D." and should be permitted to maintain her pseudonym status in public filings with the Court given the sensitive nature of the allegations and her status as a sex trafficking survivor. (Doc. #35.) Plaintiff contends that the issues involved are sensitive and highly personal in nature, the privacy and safety interests substantially outweigh the customary practice of judicial openness, and defendants will not be prejudiced by the use of a pseudonym in pretrial public filings. (Id., pp. 3-6.)

Those defendants who object to Plaintiff's request to proceed anonymously argue that Plaintiff has failed to provide sufficient evidence to meet her burden of showing she "has a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial pleadings'." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)(quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)). On the other hand, several of the defendants do not oppose Plaintiff proceeding anonymously for purposes of pretrial public filings provided that (1) the defendants are able to use Plaintiff's identity to investigate the claims asserted in the course of discovery and trial, and (2) that Plaintiff does not, and will not in the future, publicly disclose her identity related to her allegations in the media or otherwise. Defendants emphasize that it would be extremely prejudicial if they could not use Plaintiff's true identity during the course of

discovery, and fundamentally unfair if Plaintiff is permitted to enjoy the cloak of anonymity while at the same time making public allegations of misconduct against defendants.

For the reasons set forth below, the Court grants Plaintiff's motion for leave to proceed in pseudonym as to pretrial public filings.

**II.**

In general, "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). In "the exceptional case[,] . . . a plaintiff may proceed under a fictitious name" . . . "by establishing a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Frank, 951 F.2d at 323 (quoting Stegall, 653 F.2d at 186 (5th Cir. Unit A Aug. 10, 1981)).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). "We have said that the 'first step' is to consider whether the party seeking anonymity '(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose

4

information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution.'" Id. (quoting In re Chiquita, 965 F.3d at 1247). Along with these factors, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." In re Chiquita, 965 F.3d at 1247 (quoting Francis, 631 F.3d at 1316). "For example, we have also considered whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Neverson, 820 F. App'x at 986-87 (quoting Francis, 631 F.3d at 1316 (internal quotations and citations omitted)). Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. See Francis, 631 F.3d at 1315.

**III.**

Of the first-step factors, only the second factor – whether Plaintiff would be compelled, absent anonymity, to disclose information of the utmost intimacy – is relevant here. Plaintiff asserts that this case involves experiences that are sensitive, highly personal, and of the utmost intimacy as she alleges injuries that result from rape, sexual assault, physical violence, and

5

torture. (Doc. #6, ¶¶ 18, 120, 121, 127, 149, 180, 186; Doc. #35, p. 3.)  Plaintiff contends that granting permission for her to proceed under a pseudonym is warranted because this litigation involves disclosure of private and stigmatizing sexual information about the events that transpired when she was trafficked.  (Id., p. 4.)

The Court finds that this factor weighs in favor of maintaining Plaintiff's anonymity. The allegations are that plaintiff was a college-age woman who was repeatedly raped and coerced into explicit sexual conduct.  As such, plaintiff would have to disclose matters of the utmost intimacy throughout the litigation. See, e.g., Francis, 631 F.3d at 1317; Doe v. Medeiros, Case No. 20-24357-CIV-MARTINEZ-BECERRA, 2021 WL 7186841, 2021 U.S. Dist. LEXIS 256283, at *4 (S.D. Fla. Feb. 24, 2021); Fla. Abolitionist, Inc. v. Backpage.com LLC, Case No. 6:17-cv-00218-Orl-28TBS, 2018 U.S. Dist. LEXIS 73400, 2018 WL 2017535, at *2 (M.D. Fla. May 1, 2018).

Additionally, Plaintiff argues that in the First Amended Complaint she has alleged sufficient facts demonstrating that her privacy and safety interests, as well as the interest in protecting a sex trafficking victim's name in public filings, substantially outweigh the customary practice of judicial openness. (Doc. #35, p. 4, citing Doc. #6, ¶¶ 120, 121, 127, 149, 180, 186, 193, 203, 230).  Some of the defendants respond that Plaintiff's statement

is conclusory because she has failed to provide any facts about how this litigation may cause her to risk harm, and has not alleged any imminent or future harm from her trafficker(s) as a result of this lawsuit.  The Court does not agree with these defendants.

Plaintiff alleges that one of her traffickers, S.L., "raped her into submission", and her other trafficker, N.M., threatened to hurt her family if she did not do as she was told and continued to threaten harm during the course of her trafficking in an "effort to exert control over Plaintiff and 'steal' her from the other trafficker." (Doc. #6, ¶¶ 120, 186.)  Plaintiff further alleges that she was malnourished, bruised, beaten, and drugged. (Id., ¶ 132.) Plaintiff maintains that she was recently made aware that one of her traffickers who subjected her to rape and commercial sexual exploitation was released from prison, and she now fears for her safety and the safety of her family. (Doc. #146, p. 2.) Since the trafficker's incarceration, Plaintiff has married and assumed a different last name, and she fears that if the lawsuit becomes public, the name that the trafficker knew her by would also become public and would inform the trafficker of her new identity and her location. (Id.)  The Court finds Plaintiff provided sufficient information to show that the potential risk for retaliation and harm weighs in favor of permitting Plaintiff to proceed under a pseudonym during the pretrial stages of this case.  See A.D. v. Wyndham Hotels & Resorts, Inc., Case No.

4:19CV120, 2020 U.S. Dist. LEXIS 163851, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020), order clarified, 4:19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020) (finding the plaintiff could proceed anonymously due to the risk of her trafficker locating and harming her).

Furthermore, "mental and emotional harm may also befall Plaintiff if she is forced to proceed publicly." A.D. v. Wyndham Hotels & Resorts, Inc., 2020 WL 5269758, at *2. Plaintiff states that she is in the process of shifting careers into the field of education, and that if she is unable to proceed in pseudonym, the details of the lawsuit may compromise her ability to work in her chosen field. (Doc. #146, pp. 3-4.) "[I]n today's internet age, the docket filings [for this case] are likely to remain pervasively available.... [Plaintiff] may face psychological harm from having this sensitive information made permanently available to anyone with Internet access." E.E.O.C. v. Spoa, LLC, Case No. 13-1615, 2013 U.S. Dist. LEXIS 148145, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (allowing plaintiff to proceed anonymously in a case involving sexual assault). "This is particularly true given the stigma associated with sex work." A.D., 2020 WL 5269758, at *2.

Plaintiff also argues that the defendants will not be prejudiced by the use of a pseudonym in pretrial public filings as the instant motion does not seek to address how Plaintiff's true identity will be used throughout the discovery process, which

8

Plaintiff anticipates will be determined through an adequate protective order. (Doc. #35, pp. 4-6.) The Court agrees.

While several of the defendants argue that it would be prejudicial if they cannot use Plaintiff's true identity through the course of discovery and trial, Plaintiff's motion only pertains to pre-trial public filings. The Court therefore finds that there is at most a minimal risk of prejudice to defendants on this basis. See, e.g., S.Y. v. Choice Hotels Int'l, Inc., Case No. 2:20-CV-602-FTM-29MRM, 2021 U.S. Dist. LEXIS 174121, 2021 WL 4167677, at *2 (M.D. Fla. Sept. 14, 2021)(finding there was little risk of prejudice to defendants from allowing the use of a pseudonym in pretrial public filings); B.M. v. Wyndham Hotels & Resorts, Inc., No. 20-cv-656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) ("Prejudice to Defendants is minimal because B.M. will agree to reveal her identity for purposes of investigating her claims."); A.D., No. 4:19-cv-00120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) ("There is very little risk of prejudice to Defendant in allowing Plaintiff to proceed under pseudonym [because] Plaintiff 'is willing to provide her [identity] to the Defendant.'").

Defendants also argue that it would be unfair for Plaintiff to hide behind a cloak of anonymity while publicly disclosing her identity and facts about this case to the media or any other public forums. There is no evidence of such conduct at this point. Plaintiff asserts that she has closely guarded her true identity

9

and whereabouts despite being a human trafficking victims' advocate. (Doc. #146, p. 3.) Plaintiff avers that she "has not and does not intend to make this lawsuit public through the use of media, social medial or any other public forum in connection with her true identity." (Id., p. 4.)  If plaintiff's conduct does not conform with her representations, defendants may seek relief from the Court.

Finally, the Court finds that the public's interest in open judicial pretrial proceedings does not outweigh Plaintiff's privacy rights.  Since all the aspects of the case, other than Plaintiff's true identity, will remain accessible on the public docket, there is no risk of "obstruct[ing] the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." Stegall, 653 F.2d at 185.

Accordingly, the totality of the circumstances of this case, including the sensitive nature of the issues, the potential risk of harm to Plaintiff, the minimal risk of unfair prejudice to the defendants, and the public's access to all other information on the docket, warrant granting Plaintiff's motion for leave to proceed under a pseudonym as to pretrial public filings.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Leave to Proceed in Pseudonym (Doc. #35) is hereby **GRANTED as to pretrial public court filings.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of September, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

11